UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                                Case No.: 2:18-cv-238-FtM-38MRM

MIKE SCOTT, as Sheriff of Lee
County, Florida, Individually and in
his Official Capacity, CHERRIE L.
MCABEE, individually and in her
official capacity,

    Defendants.
                                              /

## **OPINION AND ORDER**[1]

Before the Court is Defendant Cherrie McAbee's Motion to Dismiss (Doc. 24). In response, Plaintiff David Hasting moved for Leave to Amend (Doc. 28).

Plaintiff, a *pro se* prisoner, sues Cherrie McAbee and Lee County Sheriff Mike Scott for civil rights violations during his extradition from California. (Doc. 14). This case started with a domestic dispute between Plaintiff and his estranged wife who got a temporary restraining order ("TRO") against him in 2013. Plaintiff was later arrested the for violating the TRO. After bonding out, he travelled to California. Several months later, the estranged wife reported Plaintiff for again violating the TRO. Officers arrested Plaintiff in California. After an extradition hearing, Plaintiff was sent to Fort Myers. (Doc. 14 at

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

6). And the Lee County Sheriff's Office hired Inmate Services Corporation ("ISC") to transport him.

According to the Second Amended Complaint, Plaintiff spent 360 hours in ISC's van during which he was denied sleep, food, hygiene, change of clothes, and medical treatment. (*Id.* at 7). Plaintiff allegedly lost thirty-eight pounds during the trip. (*Id.*). He thus brings this civil rights suit under 42 U.S.C. § 1983 and names McAbee in one count (Count IV). As the extradition coordinator for the Lee County Sheriff's Office, he sues McAbee for cruel and unusual punishment for "subjecting [him] to extradition by a company known . . . to deny food sleep hygiene . . . and subject persons to conditions of physical, emotional, and mental abuse." (*Id.*). But McAbee moves to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "While *pro se* complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level." *Modrall v. Corker*, 654 F. App'x 1021, 1022 (11th Cir. 2016) (citation omitted).

As stated, Plaintiff alleges that McAbee knew that ISC drove its transport vans for twenty-four hours without overnight arrangements and denied inmates food, water, sleep, hygiene, change of clothes, and medicine. McAbee argues Plaintiff cannot ascribe liability to her because she did not personally participate in the extradition and there is no § 1983 violation under a theory of respondeat superior. The Court agrees with McAbee.

To start, the Second Amended Complaint does not allege that McAbee personally participated in the extradition. Nor does the pleading present facts supporting any allegation that McAbee knew of the alleged constitutional violations during his cross-country return to Fort Myers. Plaintiff complains about the conduct of ISC employees—not McAbee. Instead, the sole allegation against McAbee is derived from her position as the extradition coordinator for the Lee County Sheriff's Office. But a supervisory government official cannot be held liable under respondeat superior in a § 1983 action. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978); *Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1325 (11th Cir. 2003). To allege that a defendant committed a constitutional violation in her supervisory capacity, a plaintiff must show the defendant instituted a "custom or policy [that] resulted in deliberate indifference to constitutional rights . . . or directed [her] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007). The Second Amended Complaint makes no such allegation. It says nothing about McAbee instituting a custom, policy or practice at ISC or the Lee County Sheriff's Office to deny Plaintiff or any other inmate their constitutional rights.

Because McAbee cannot be vicariously liable for ISC's alleged constitutional abuses, the Second Amended Complaint fails to state a cognizable claim under § 1983.

The Court thus grants McAbee's motion to dismiss. The Court, however, will give Plaintiff one final opportunity to provide an adequate pleading against McAbee because of his *pro se* status and attempt to amend the Second Amended Complaint. See [Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018)](#) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (internal quotes and citation omitted)).

One other matter. When Plaintiff filed this suit, Mike Scott was the Lee County Sheriff. And Plaintiff sued Scott in his official and individual capacities. Since then Carmine Marceno has become the Lee County Sheriff. Sheriff Marceno thus is automatically substituted as the party in interest for Plaintiff's claims against the Sheriff in an official capacity. See [Fed. R. Civ. P. 25(d)](#). So, if Plaintiff wants to continue this action against the Lee County Sheriff in his official capacity, he must name Carmine Marceno in the Third Amended Complaint. And Mike Scott can be sued in his individual capacity if he personally participated in the extradition.

Accordingly, it is now

**ORDERED:**

1. Defendant Cherrie McAbee's Motion to Dismiss ([Doc. 24](#)) is **GRANTED**.
2. Plaintiff David Hasting may file a Third Amended Complaint on or before **February 7, 2020**. **The failure to do so will result in the dismissal of Defendant Cherrie McAbee from this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of January 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record